# United States District Court
## Middle District of Louisiana

UNITED STATES OF AMERICA

v.

CHIKENNA D. JONES

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:  3:10CR00104-002 AND
3:11CR00009-003

USM Number:  05440-095

Michael Adams Fiser (Appointed)
Defendant's Attorney

## THE DEFENDANT:

[✔]  pleaded guilty to count(s): <u>I and II of the Superceding Indictment in CR 10-104-002-JJB-CN</u> .

[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.

[✔]  was found guilty on count(s) <u>I and II of the Indictment in CR 11-9-003-JJB-SCR</u> after a plea of not guilty.
The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___.

[ ]  Count(s) ___ is/are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material changes in economic circumstances.

July 24, 2012
Date of Imposition of Judgment

Signature of Judge

JAMES J. BRADY, United States District Judge
Name and Title of Judge

July 30, 2012
Date

USAtty

| CASE NUMBER: | 3:10CR00104-002 AND 3:11CR00009-003 | | Judgment - Page 2 of 7 |
| --- | --- | --- | --- |
| DEFENDANT: | CHIKENNA D. JONES | | |

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 18 U.S.C. § 1349 (CR 10-104-JJB-CN-2) | Conspiracy to Commit Health Care Fraud | November 22, 2009 | I |
| 18 U.S.C. § 371 (CR 10-104-JJB-CN-2) | Conspiracy to Defraud the United States and to Receive and Pay Health Care Kickbacks | October 8, 2009 | II |
| 18 U.S.C. § 1349 (CR 11-9-JJB-SCR-3) | Conspiracy to Commit Health Care Fraud | October 25, 2010 | I |
| 18 U.S.C. § 371 (CR 11-9-JJB-SCR-3) | Conspiracy to Defraud the United States and to Receive and Pay Health Care Kickbacks | May 7, 2010 | II |

CASE NUMBER:      3:10CR00104-002 AND 3:11CR00009-003          Judgment - Page 3 of 7
DEFENDANT:       CHIKENNA D. JONES

# IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 60 months on Count one and 24 months on Count two, to run consecutively, in Docket No. 10-104-JJB-CN-2, and 60 months on Count one and 24 months on Count two, to run concurrently, in Docket No. 11-09-JJB-SCR-3, for a total term of 84 months.

[✔]      The court makes the following recommendations to the Bureau of Prisons:
        The court recommends the defendant be placed in a facility as close to Baton Rouge, Louisiana, as possible.

[ ]      The defendant is remanded to the custody of the United States Marshal.

[ ]      The defendant shall surrender to the United States Marshal for this district.
        [ ] at ___ on ___.
        [ ] as notified by the United States Marshal.

[ ]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [ ] before _ on ___.
        [ ] as notified by the United States Marshal.
        [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

      Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
                     UNITED STATES MARSHAL

By _____
                     Deputy U.S. Marshal

CASE NUMBER:        3:10CR00104-002 AND 3:11CR00009-003                          Judgment - Page 4  of  7
DEFENDANT:          CHIKENNA D. JONES

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  two years .

This term consists of two years on Counts one and two in Docket No. 10-104-JJB-CN-2 and two years on Counts one and two in Docket No. 11-09-JJB-SCR-3.  All such terms to run concurrently.  The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[✔]        The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[ ]        The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
           (Check if applicable.)

[ ]        The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

[ ]        The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.   (Check, if applicable.)

[ ]        The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

        If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)    the defendant shall support his or her dependents and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CASE NUMBER:          3:10CR00104-002 AND 3:11CR00009-003                         Judgment - Page 5  of  7
DEFENDANT:            CHIKENNA D. JONES

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit, or negotiate or consummate any financial contracts without the approval of the probation officer.

The defendant shall submit his or her person, property, house, residence, vehicle, papers or computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer.   Failure to submit to a search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his/her supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

CASE NUMBER:    3:10CR00104-002 AND 3:11CR00009-003        Judgment - Page 6 of 7
DEFENDANT:    CHIKENNA D. JONES

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 400.00 | $ | $ 10,872,627.00 |

[ ]    The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

[✔]    The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C.§3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| DHHS/CMS<br>Division of Accounting<br>Mail Stop C-30927<br>7500 Security Blvd.<br>Baltimore, MD 21244-1850<br>(10-104-JJB-CN-2) |  | $10,500,000.00 |  |
| DHHS/CMS<br>Division of Accounting<br>Mail Stop C-30927<br>7500 Security Blvd.<br>Baltimore, MD 21244-1850<br>(11-9-JJB-SCR-3) |  | $ 372,627.00 |  |
| TOTALS: | $ _ | $ 10,872,627.00 |  |

[ ]    Restitution amount ordered pursuant to plea agreement .......... **$____**

[ ]    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]    The interest requirement is waived for the    [ ]  fine    [ ]  restitution.

    [ ]    The interest requirement for the [ ] fine [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

CASE NUMBER:     CHIKENNA D. JONES                        Judgment - Page 7 of 7
 DEFENDANT:        3:10CR00104-002 AND 3:11CR00009-003

# SCHEDULE OF PAYMENTS

Having accessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   [✔]  Lump sum of $ 10,873.027.00  due immediately, balance due

           [] not later than _, or
           [] in accordance     [] C, [] D, [] E, or [✔] F below; or

B   [ ]  Payment to begin immediately (may be combined with [] C, [] D, or [✔] F below); or

C   [ ]  Payment in equal _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D   [ ]  Payment in equal _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   []   Payment during the term of supervised release will commence within _(e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [✔]  Special instructions regarding the payment of criminal monetary penalties:

These two cases involve other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

   [✔]  Joint and Several

      Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| | | |
|---|---|---|
| Jo A. Francis | $ 882,000.00 | CR 10-104-JJB-CN-2 |
| Mary Griffin | $2,710,000.00 | CR 10-104-JJB-CN-2 |
| Stephanie Dangerfield | $1,340,963.55 | CR 10-104-JJB-CN-2 |
| Mary Bessie | $ 82,230.00 | CR 10-104-JJB-CN-2 |
| Stephanie Williams | $4,000,000.00 | CR 10-104-JJB-CN-2 |
| Mary H. Griffin | $ 372,627.00 | CR 11-9-JJB-SCR-3 |
| Jo A. Francis | $ 372,627.00 | CR 11-9-JJB-SCR-3 |

   [ ]  The defendant shall pay the cost of prosecution.

   []   The defendant shall pay the following court costs:

   [✔]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to 18 U.S.C. 982(a)(7), the defendant shall forfeit to the United States all property constituting and derived from proceeds obtained, directly and indirectly, from health care fraud activity in violation of 18 U.S.C. 1349, including, but not limited to, at least $10.50 million in Docket No. 10-104-JJB-CN-2 and $372,627 in Docket No. 11-9-JJB-SCR-3, said amounts being the total of the interests acquired and the gross proceeds obtained through the violations.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.